IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARLES DAVIS,

    Plaintiff,

v.

CASE No.: 8:08-CV-850-T-17TBM

CARPENTER CONTRACTORS
OF AMERIC, INC.,

    Defendants.

_____/

## ORDER ON MOTION TO DISMISS AND/OR COMPEL ARBITRATION

This cause is before the Court on Defendant's Motion to Dismiss and/or Compel Arbitration, and Plaintiff's Objection to Arbitration and Memorandum of Law in Support Thereof.

The basis of Plaintiff's complaint is that he subjected to ongoing harassment based on sex and disability by Defendant, which affected the terms and conditions of his employment. Specifically, Plaintiff alleges harassment, discrimination, and retaliation. The complaint arises under Title VII of the Civil Rights Acts of 1964, as amended, 42 U.S.C. § 2000e, the American with Disabilities Act of 1991, as amended, 42 U.S.C. § 12111, the Family Medical Leave Act of 1993, 29 U.S.C. § 2601, and Florida Statute Chapter 760. This Court has jurisdiction over the matter and all related claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §1367. The following facts are taken as true for the purpose of resolving the pending motion only.

I.     **Facts**

    A.   Plaintiff, Charles Davis, is a former employee of Defendant, Carpenter Contractors of America, Inc. Plaintiff was employed by Defendant's Winter Haven location, which is located in Polk County, Florida.

B. On or around December 4, 2001, Plaintiff signed the Hire Statement and Signature form, which included a clause that necessitated "mandatory, final and binding arbitration before a single neutral arbitrator" as sole and exclusive remedy for all claims arising from employment, including statutory rights. (Doc. 4 at 2).

C. Plaintiff alleges that he has suffered and will continue to suffer pain and suffering, extreme and severe mental anguish and emotional distress, loss of earnings, and other employment benefits and job opportunities, and has made the following claims in an effort to achieve compensatory damages including back pay, front pay (or reinstatement) and damages for emotional distress, pain and suffering and mental anguish, punitive damages, pre and post judgment interest, attorneys' fees, and other costs, (Doc. 1):
   a. Count I- Harassment under 42 U.S.C. § 2000e, also referred to as Title VII of the Civil Rights Act of 1964;
   b. Count II- Discrimination under 42 U.S.C. § 2000e;
   c. Count III- Retaliation under 42 U.S.C. § 2000e;
   d. Count IV- Harassment under 41 U.S.C. § 12111, also referred to as the American with Disabilities Act of 1990;
   e. Count V- Discrimination under 41 U.S.C. § 12111;
   f. Count VI- Retaliation under 41 U.S.C. § 12111;
   g. Count VII- Harassment under Florida Statute Chapter 760;
   h. Count VIII- Discrimination under Florida Statute Chapter 760;
   i. Count IX- Retaliation under Florida Statute Chapter 760;
   j. Count X- Retaliation under 29 U.S.C. § 2601, also referred to the Family Medical Leave Act of 1993

D. Defendant responded to Plaintiff's Complaint with a Motion to Dismiss and/or Compel Arbitration, Doc. 4, to which Plaintiff responded with Objection to Arbitration and Memorandum, Doc. 8.

## II.  Analysis

Upon being hired by Defendant, Plaintiff signed a Hire Statement and Signature form which purported to bind Plaintiff to arbitration in the event that a claim arose out of the scope of his employment. According to the statement, Doc. 4 at 11, Plaintiff agreed to:

> mandatory, final and binding arbitration before a single neutral arbitrator as my sole and exclusive remedy for all disputes, claims or controversies arising out of or relating to my application or candidacy for employment, employment and or cessation of employment including, but not limited to, statutory rights. Arbitration shall be by the American Arbitration Association under its National Rules for the Resolution of Employment Disputes. If my claim does not

involve statutory rights, I understand that I must file my demand for arbitration within six (6) months of the challenged action.

Plaintiff has not initiated arbitration proceedings, and has instead turned to this Court in order to evaluate his claims. Doc. 1. Thus, whether or not Defendant's Motion is granted, Doc. 4, will turn on whether Plaintiff was bound by the Hire Statement and Signature Form he signed prior to commencing his employment with Defendant company. Doc. 4 at 11. The purposes and policies behind the Federal Arbitration Act are the speedy and efficient resolution of disputes outside the court system. Painewebber, Inc. v. Hall, 1993 WL 390519, at 4 (Fla.Cir.Ct.,1993). Section 3 of the Federal Arbitration Act determines the enforceability of such arbitration agreements, saying that "the Court in which such suit is pending upon being satisfied that the issue involved in such suit or proceeding is referable to the arbitration under such agreement, shall on application of one of the parties, stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement" as long as the party making the motion to stay is not in default of the arbitration proceedings.

Section 2 of the Federal Arbitration Act (FAA) requires that the agreement to enter arbitration between the two parties be a "transaction involving commerce," and as a result of the Supreme Court's broad interpretation of this notion, Moss H. Kohn Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 23 (1983), it has been determined that this stipulation includes employment contracts. Circuit City Stores, Inc. v. Adams, 532 U.S. 105, 112 (2001); Doc. 4 at 4, *citing* Dicrisi v. Lindon Guarantee Bank of New York, 807 F.Supp. 947 (W.D. N.Y. 1992). Furthermore, Circuit City Stores, Inc. says that Section 1 of the Federal Arbitration Act "exempts from the FAA only employment contracts of transportation workers." Circuit City Stores, Inc. v. Adams, 532 U.S. 105, 106 (2001). This principle has not been opposed by

3

Plaintiff, and the Court concludes that Plaintiff's employment contract with Defendant, which was signed on or around December 4, 2001, does in fact constitute interstate commerce as has been defined by the United States Supreme Court with reference to Section 2 of the Federal Arbitration Act.

In determining whether a party has a right to arbitrate, three elements must be considered under both federal law and Florida arbitration code: (1) whether valid written agreement to arbitrate exists, (2) whether arbitral issue exists, and (3) whether right to arbitration was waived. Marine Environmental Partners, Inc. v. Johnson, 863 So.2d 423 (Fla.App. 4 Dist., 2003). In reviewing the instant facts, this Court finds that the three elements have been met: a valid written agreement exists, an arbitral issue exists, and the right to arbitrate has not been waived by Defendant.

Plaintiff asserts that the initial agreement to arbitrate was controlled by the American Arbitration Association's (AAA) Employment Arbitration Rules, and that these rules initially had the effect of subjecting Plaintiff to the liability of various arbitration fees, including half the arbitrator's costs. Doc. 8 at 1. The essence of Plaintiff's complaint is that, although the AAA has since amended its rules to require that the burden of this cost fall exclusively on the employer, the contract should be viewed in light of the rule as it existed at the time the contract was signed. Doc. 8 at 2. In doing so, Plaintiff asserts that the initial provisions of the contract defeated the remedial purpose of the practice of arbitration, and that the arbitration clause is thus unenforceable as a matter of law. Doc. 8 at 2. According to Plaintiff, "The subsequent changes do not make the agreement valid when it was entered into." Doc. 8 at 2. This Court believes strongly that the guiding force in determining the scope of a contract is to consider the intent of the parties. St. Augustine Pools, Inc. v. James M. Barker, Inc., 687 So.2d 957 (Fla.App. 5 Dist.,

4

CASE No.: 8:08-CV-850-T-17TBM

1997), and that both Plaintiff and Defendant had every intention of being bound by the arbitration clause of the initial employment contract. Doc. 4 at 8. As a result, Defendant's Motion to Compel Arbitration and Stay Proceedings is GRANTED, and Defendant is responsible for arbitrator's fees in accordance with AAA guidelines.

Accordingly, it is **ORDERED** that the Motion to Compel Arbitration and Stay Proceedings be GRANTED, and the Motion to Dismiss be DENIED. This cause of action is to be arbitrated in accordance with the contract. The cause is administratively closed pending the outcome of mediation. The parties shall file a status report on the progress of the arbitration every three months, the first of which is due on November 3, 2008.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 30th day of July, 2008.

THE HONORABLE ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Cc: All Parties and Counsel of Record